UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| DANIEL GIANNINI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:10-243-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH A. HICKEY, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Daniel Giannini has filed the instant *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. He sought an Order directing the Federal Bureau of Prisons ("BOP") to place him in a Residential Re-entry Center ("RRC") for the nine-month period preceding his projected release date of April 7, 2011. Giannini alleged that the BOP prevented him from completing the 500-hour Residential Drug Abuse Program ("RDAP") and therefore caused his sentence to be unnecessarily extended.[1]

Under 28 U.S.C. § 2243, the Court must dismiss a § 2241 petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be

---

[1] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

1

determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). For the reasons set forth below, the Court will deny Giannini's §2241 petition as moot and dismiss this action with prejudice.

## DISCUSSION

Giannini's § 2241 petition is now moot. Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231,(1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477(1990). For this Court to sustain jurisdiction, it is not enough that a dispute as to RRC placement existed when Giannini filed this § 2241 petition. Giannini must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. *Id*.

When events occur during the pendency of a case which render the court unable to grant the relief requested, the claims are rendered moot. *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993). Although Giannini was confined in the Federal Medical Center located in Lexington, Kentucky, when he filed

this action, the BOP's website, www.bop.gov, reveals that he is now confined in the RRC/ Community Corrections Management ("CCM") facility located in Brooklyn, New York.[2]

The Sixth Circuit has consistently ruled that a prisoner's placement in a community based program during the pendency of a habeas proceeding renders the § 2241 petition moot, and that the placement falls outside the exception for cases capable of repetition but evading review. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009); *Marshek v. Eichenlaub*, 266 F. App'x. 392, 2008 WL 227333 (6th Cir. 2008); *Brock v. U.S. Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).[3]

---

[2] Community corrections staff develop and administer contracts for community-based correctional programs and serve as the [BOP]'s local liaison with the Federal courts, the U.S. Marshals Service, state and local corrections, and a variety of community groups. *See* Federal BOP, Prison Facilities-Community Corrections (2009), http:// www.bop.gov/locations/cc/index.jsp.

[3] Even if Giannini had not been transferred to a CCM, his petition most likely would have been dismissed on the merits for two reasons. First, the Second Chance Act of 2007, 18 U.S. C. § 3624(c), does not guarantee federal prisoner placement in early release facilities for a specific time period . It instead directs the BOP to *consider* placing an inmate in an RRC for up to the final twelve months of his sentence, based on five specific criteria set forth in 18 U.S.C. § 3621(b). *Demis*, 558 F.3d at 514 (emphasis added). Although RRC placement is helpful for readjustment to society, a federal prisoner has no constitutional right to serve the final twelve months of his sentence in a RRC. *Goosby v. Shartle*, No. 10-CV-0806, 2010 WL 2545344, at *2 (N.D. Ohio June 17, 2010); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010).

Second, Giannini's complaint about his removal from the RDAP would have lacked merit because a federal prisoner has no constitutionally guaranteed right to a reduction of his sentence. *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950, at *2 (6th Cir. December 7, 2000) (Table) (holding that even if an inmate completed the RDAP, the BOP was not required to grant him early release); *Smith v. Sniezak*, No. 07-0366, 2007 WL 642017 (N.D.Ohio February 27, 2007) (holding that removal from RDAP program did not violate prisoner's Fifth or Eighth Amendment rights, and that he had no liberty in remaining in the RDAP).

As Giannini is currently confined in a facility supervised by a CCM Office in New York, his § 2241 petition is now moot and will be dismissed pursuant to 28 U.S.C. § 2243.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Daniel Giannini's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. 2], is **DENIED**; and

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court. A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Deborah A. Hickey.

This January 12, 2011.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge